UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD ISAAC JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>    Defendant. | CASE NO. 3:15-CV-05483-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 30, 2015 |

Plaintiff Donald Isaac Johnson filed this civil rights complaint under 42 U.S.C. § 1983 *pro se*. Dkt. 1-1. His Application to Proceed *In Forma Pauperis* (IFP) remains pending. Dkt. 5. Plaintiff alleges he was unlawfully charged and convicted by the State of Washington in Washington Court of Appeals Case No. 44194-2-II (Pierce County Superior Court Case No. 12-1-01235-2, the "Pierce County Case"). Dkt. 1-1. Plaintiff claims to be unlawfully imprisoned pursuant to that conviction, and seeks twenty-five million dollars and one cent from the State of Washington. *Id.* at 3-4, 6. Plaintiff's habeas corpus before this Court challenging his conviction in the Pierce County Case was dismissed with prejudice on September 28, 2015. *See* Dkt. 15, 16

in Case No. 15-5435.  Plaintiff was ordered to show cause why this Court should not deny his Application to Proceed *IFP*. Dkt. 6.

DISCUSSION

A review of Plaintiff's litigation history shows on three previous occasions, he obtained *in forma pauperis* status and sought to challenge the on-going state court proceedings and conviction in the Pierce County Case:  (1) *Johnson v. Gildehaus*, Case No. 12-5818 RBL-KLS; (2) *Johnson v. State of Washington*, Case No. 12-5839 BHS-KLS; and (3) *Johnson v. State of Washington*, Case No. 12-5864 RBL-JRC.[1]  In a fourth filing before this Court, in *Johnson v. Monroe Correctional Complex,* Case No. 13-5167 RBL-JRC, Plaintiff again attempted to challenge his conviction in the Pierce County Case and the Court denied Plaintiff's application to proceed *in forma pauperis.* Dkts. 3 and 5 in Case No. 13-5167. The Court also found his repetitive filings on the same issue vexatious and malicious, and warned Plaintiff that further improper filings could result in sanctions (including monetary fines, dismissal of actions, and possibly a bar order preventing further filings).  Dkts. 3 and 5 in Case No. 13-5167.  The Court dismissed Case No. 13-5167 without prejudice to allow Plaintiff's first Petition for writ of habeas corpus (Plaintiff's "First Petition," *Johnson v. Monroe Correctional Complex,* Case No. 13-5008 RBL-JRC) to proceed. Dkts. 3 and 5 in Case No. 13-5167.

Plaintiff's First Petition was dismissed for lack of personal jurisdiction.  Dkt. 16 in Case No. 13-5008. Plaintiff then filed a second Petition for writ of habeas corpus in June 2015

---

[1] In Case No. 12-5818 and Case No. 12-5839, Plaintiff sought to challenge the on-going criminal proceedings in the Pierce County Case. And in Case No. 12-5864, Plaintiff sought release from imprisonment and dismissal of all pending criminal charges related to the Pierce County Case.

("Second Petition"), which was dismissed with prejudice on September 28, 2015. *See Johnson v. Gilbert,* Case No. 15-5435 RBL-KLS.

On July 10, 2015, Plaintiff filed this action and an identical action in *Johnson v. State of Washington,* Case No. 15-5488-RJB. In Case No. 15-5488, the Court denied Plaintiff's application to proceed *in forma pauperis* on the grounds that the complaint is frivolous, malicious and fails to state a claim. Dkt. 9 in Case No. 15-5488.

Here, the Court reiterates, Plaintiff cannot bring a § 1983 action for damages related to his imprisonment unless and until his state court judgment has been invalidated, expunged, or otherwise impugned. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This has not occurred and Plaintiff's Second Petition was dismissed with prejudice. *See Johnson v. Gilbert,* Case No. 15-5435. Because he has been repeatedly advised and was warned that further filings of this nature could result in sanctions including monetary fines, dismissal of actions, and possibly a bar order preventing further filings, Plaintiff was ordered to show cause why the Court should not deny his Application to Proceed *IFP*. Plaintiff failed to respond to the Court's Order. The Court finds Plaintiff's Complaint is frivolous, malicious, and fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, the Court recommends Plaintiff's Application to Proceed *IFP* be denied on the grounds that his Complaint is frivolous, malicious, and fails to state a claim upon which relief may be granted and the dismissal count as a strike under 28 U.S.C. § 1915(g). *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir.2008) (when denial of a motion to proceed IFP is "on the grounds that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, such a complaint is 'dismissed' for purposes of § 1915(g)").

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October 30, 2015 as noted in the caption.

Dated this 13th day of October, 2015.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge